104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Blaine Carroll MOCK, Petitioner-Appellant,
v.
Peggy KERNAN, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-16107.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Blaine Carroll Mock, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury conviction for rape and kidnapping. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 Mock contends that the trial court violated his due process rights by failing to notify Mock or his counsel that the jury had submitted a note stating that they were deadlocked. In order to grant relief on Mock's habeas petition, this error must have "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). We hold that it did not.
 
 
 4
 "Ex parte communications from the judge to the jury violate a defendant's right to due process of law." United States v. Frazin, 780 F.2d 1461, 1469 (9th Cir.1986). "A defendant's participation in formulating a response to the deadlocked jury, whether through his counsel or by his personal presence as well, may be important to ensuring the fairness of the verdict." Id.
 
 
 5
 Here, the jury submitted a note to the trial court stating that they were deadlocked. The trial court, without notifying Mock or his defense counsel, instructed the bailiff to bring the jurors into the courtroom. When the bailiff entered the jury room, the jurors informed the bailiff that they were cancelling their note and that they wished to further deliberate. Approximately one hour later, the jurors returned a verdict and the trial court informed Mock and his defense counsel of the earlier note. The jury then announced the guilty verdict.
 
 
 6
 Even if the trial court erred by failing to notify Mock and his counsel of the jury's note, any such error could not have "had a substantial and injurious effect or influence in determining the jury's verdict" given that the jury rescinded the note before the trial court communicated with them in any way. See Brecht, 507 U.S. at 623.
 
 
 7
 Mock also contends that his counsel was ineffective for failing to object to the trial court's actions. Given our disposition of Mock's claim above, he cannot show that he was prejudiced. See Strickland v. Washington, 466 U.S. 668, 697 (1984) ("If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong.").
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3